UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

DARIUS WEST, ET AL.                                CIVIL ACTION

VERSUS

CITY OF NEW ROADS, ET AL.                          NO.: 19-00544-BAJ-SDJ

## RULING AND ORDER

Before the Court is the **Motion to Dismiss (Doc. 10)** filed by Defendants. For the reasons that follow, the **Motion (Doc. 10)** is GRANTED.

I. **BACKGROUND**

On July 26, 2016, Plaintiff Darius West was arrested and detained. (Doc. 1 at 2). Plaintiff alleges that while he was detained, he was hit in the head by an inmate and pushed to the ground. (*Id.* at 2-3). On November 30, 2016, a grand jury indicted him on charges of second-degree murder and possession of a firearm by a convicted felon. (Doc. 10-2 at 1). On August 17, 2018, a grand jury returned a no true crime bill for the same charges. (*Id.*). On August 20, 2019, Plaintiff filed suit against Defendants pursuant to 42 U.S.C. § 1983 and the Louisiana Constitution under a variety of theories, including false/unlawful arrest, false/unlawful imprisonment, unlawful seizure, unlawful detention without bail, excessive force, malicious prosecution, and failure to instruct, supervise, and monitor the City of New Roads' police department.

## II. LEGAL STANDARD

To overcome Defendants' motion to dismiss, Plaintiff must plead a plausible claim for relief. *See Romero v. City of Grapevine, Tex.*, 888 F.3d 170, 176 (5th Cir. 2018) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). A claim is plausible if it is pleaded with factual content that allows the Court to reasonably infer that Defendants are liable for the misconduct alleged. *See Edionwe v. Bailey*, 860 F.3d 287, 291 (5th Cir. 2017) (citing *Iqbal*, 556 U.S. at 678). The Court accepts as true the well-pleaded facts of Plaintiff's complaint and views those facts in the light most favorable to him. *See Midwest Feeders, Inc. v. Bank of Franklin*, 886 F.3d 507, 513 (5th Cir. 2018).

## III. DISCUSSION

Defendants argue that Plaintiff's claims should be dismissed because they are time-barred. As such, the Court's first task is to determine the applicable statute of limitations. It is well settled that the "statutes of limitations for § 1983 and § 1985 claims are the same as the statute of limitations in a personal injury action in the state in which the cause of action arose." *Smith v. Humphrey*, 540 F. App'x 348, 349 (5th Cir. 2013) (citing *Wallace v. Kato*, 549 U.S. 384, 387 (2007)). In Louisiana, the applicable prescription period for personal injury actions is one year. La. Civ. Code Ann. art. 3492. Thus, the applicable statute of limitations for Plaintiff's federal and state claims is one year.

The Court must next determine when Plaintiff's claims accrued. A claim under § 1983 accrues when a plaintiff "knows or has reason to know of the injury which is

2

the basis of the action." *Harris v. Hegmann*, 198 F.3d 153, 157 (5th Cir. 1999) (quoting *Jackson v. Johnson*, 950 F.2d 263, 265 (5th Cir. 1992)). Similarly, under Louisiana law, prescription commences to run from the day injury or damage is sustained. La. Civ. Code Ann. art. 3492.

Turning first to Plaintiff's false/unlawful arrest, false/unlawful imprisonment, and unlawful seizure claims, Plaintiff was arrested and detained on July 26, 2016 and indicted on November 30, 2016. Plaintiff did not file suit until August 20, 2019, over three years after his arrest and two years after he was indicted. Plaintiffs' false/unlawful arrest, false/unlawful imprisonment, and unlawful seizure claims are time-barred. *See Eaglin v. Eunice Police Dep't*, 2017-1875 (La. 6/27/18) (holding that under Louisiana law, the plaintiff's claims for false arrest and imprisonment accrued from the date of the plaintiff's arrest); *Mapes v. Bishop*, 541 F.3d 582 (5th Cir. 2008) (holding that a false arrest claim under federal law accrued when the arrestee was detained pursuant to the legal process).

Next, Plaintiff brings a claim for unlawful detention without bail and excessive force he allegedly experienced while detained. Plaintiff was arrested on July 26, 2016 and released on bond on December 15, 2016. (Doc. 10-2 at 13). However, Plaintiff did not file suit until August 20, 2019, over two years after he was released on bond. Plaintiff's excessive force claim is time-barred. Further, Plaintiff's claim that he was unlawfully detained without bail is not viable because as noted above, he was released on bond on December 15, 2016.

3

Turning to Plaintiff's malicious prosecution claim, the Fifth Circuit has held that "no freestanding constitutional right to be free from malicious prosecution exists." *Castellano v. Fragozo*, 352 F.3d 939, 945 (5th Cir. 2003). Further, the Louisiana Supreme Court has stated that the liberative prescriptive period for a malicious prosecution claim arises "on the termination of the prosecution favorably to plaintiff." *De Bouchel v. Koss Const. Co., Inc.*, 177 La. 841, 848 (1933). On August 17, 2018, a grand jury returned a no true crime bill for charges of second-degree murder and possession of a firearm by a convicted felon. However, Plaintiff did not file suit until August 20, 2019, over one year later. Plaintiff's malicious prosecution claim is dismissed.

Lastly, Plaintiff brings a claim for failure to instruct, supervise, and monitor the City of New Roads' police department. The latest time at which Plaintiff knew or would have had reason to know of the injury which is the basis of the action is August 17, 2018, when, as noted above, a grand jury returned a no true crime bill for charges of second-degree murder and possession of a firearm by a convicted felon. However, Plaintiff did not file suit until August 20, 2019, over one year later. Plaintiff's claim for failure to instruct, supervise, and monitor the City of New Roads' police department is time-barred.

## IV. CONCLUSION

Accordingly,

**IT IS ORDERED** that the **Motion to Dismiss (Doc. 10)** is **GRANTED**. Plaintiff's claims against Defendants are **DISMISSED** with prejudice. A final judgment shall issue in accordance with Federal Rule of Civil Procedure 58.

Baton Rouge, Louisiana, this 27th day of February, 2020.

JUDGE BRIAN A. JACKSON
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA